**Kyle JIGGETTS, Plaintiff–Appellant,**

v.

**LOCAL 32BJ SEIU, Allied International Union, Defendants–Appellees.**

**No. 11–4151.**

United States Court of Appeals, Second Circuit.

Nov. 9, 2012.

Kyle Jiggetts, pro se, Bronx, New York, for Plaintiff–Appellant.

Andrew L. Strom, Office of the General Counsel, SEIU Local 32BJ, New York, NY; Sumanth Bollepalli, Weissman & Mintz LLC, New York, NY, for Defendants–Appellees.

Present: RICHARD C. WESLEY and DENNY CHIN, *Circuit Judges,* DAVID G. LARIMER,* *District Judge.*

---

* Judge David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and the order of the district court are **AFFIRMED.**

Appellant Kyle Jiggetts, proceeding *pro se*, appeals the district court's judgment dismissing his claims under Title I of the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 411–15, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R.App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rules 12(b)(1) and 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002); *see also TradeComet.com LLC v. Google, Inc.,* 647 F.3d 472, 475 (2d Cir.2011). The denial of a motion for leave to amend the complaint is reviewed for abuse of discretion; however, where the denial is based on rulings of law, it is reviewed *de novo. See Papelino v. Albany Coll. of Pharmacy of Union Univ.,* 633 F.3d 81, 88 (2d Cir. 2011).

Here, an independent review of the record and relevant case law reveals that the district court properly adopted the magistrate judge's recommendations to grant the motions to dismiss and deny the motion to amend the complaint. We affirm substantially for the reasons stated by the magistrate judge in his thorough February 24, 2010 and May 14, 2010 reports and recommendations.

We have considered Jiggetts's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and the order of the district court.